UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. and EAST COAST PLASTIC SURGERY, P.C.,

Plaintiffs,

v.

AETNA LIFE INSURACE COMPANY,

Defendant.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-3636-SJB-LKE

**BULSARA, United States District Judge:**

As this Court explained last year, this is one of dozens of cases filed by Rowe Plastic Surgery of New Jersey, L.L.C. and East Coast Plastic Surgery, P.C. (collectively "Plaintiffs") seeking reimbursement from health insurance companies—here, Aetna Life Insurance Company ("Aetna")—for surgeries performed. After denying Plaintiffs' motion to amend, the Court directed the parties to proceed directly to summary judgment briefing. For the reasons already detailed by this Court and numerous others in the Eastern and Southern Districts of New York,[1] Plaintiffs have no viable claims. Summary judgment is therefore granted and the case is dismissed.

STANDARD FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

[1] Most recently, Chief Judge Brodie catalogued nearly thirty identical lawsuits, all of which either ruled against these same Plaintiffs on a motion to amend or dismissed the case. *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Health & Life Ins. Co.*, No. 22-CV-4755, 2026 WL 1847285, at *5 n.8 (E.D.N.Y. June 26, 2026).

matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining whether summary judgment is appropriate, [the Court] must resolve all ambiguities and draw all reasonable inferences against the moving party." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways. Fed. R. Civ. P. 56(c)(1). It may cite to portions of the record "including depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials." *Id.* R. 56(c)(1)(A). Alternatively, it may show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* R. 56(c)(1)(B); *cf. Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988).

In moving for summary judgment or answering such a motion, litigants are required by the Local Rules to provide a statement (a Rule 56.1 statement) setting forth purported undisputed facts or, if controverting any fact, responding to each assertion. *See* Loc. Civ. R. 56.1(a)–(b). In both instances, the party must support its position by citing to admissible evidence from the record. *Id.* R. 56.1(d); *see also* Fed. R. Civ. P. 56(c)

(requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

Where claims in opposing Rule 56.1 statements are "genuinely disputed," the Court will consider the evidentiary sources of the claims. *Halberg v. United Behav. Health*, 408 F. Supp. 3d 118, 146 (E.D.N.Y. 2019) (adopting report and recommendation). In evaluating the sources of claims made in dueling Rule 56.1 statements, the Court cannot—as is true for the summary judgment motion as a whole—weigh evidence or assess the credibility of witnesses. *See United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994). Furthermore, "[l]egal arguments are impermissible in any Rule 56.1 Statement and are to be disregarded." *Taveras v. HRV Mgmt., Inc.*, No. 17-CV-5211, 2020 WL 1501777, at *2 (E.D.N.Y. Mar. 24, 2020); *Lawrence v. Cont'l Cas. Co.*, No. 12-CV-412, 2013 WL 4458755, at *1 n.1 (E.D.N.Y. Aug. 16, 2013) ("Both parties have submitted Local Rule 56.1 statements and responses to each other's statements that mix factual assertions with legal argument and therefore fail to meet the requirements of Local Rule 56.1. The facts . . . are taken from those assertions contained in the Local Rule 56.1 statements that comply with Local Rule 56.1[.]" (citations omitted)). The court may not grant summary judgment based on a fact in a Rule 56.1 statement—even if undisputed—not supported by admissible evidence. *E.g.*, *Giannullo v. City of New York*, 322 F.3d 139, 142–43 (2d Cir. 2003) (vacating grant of summary judgment to defendants based on facts enumerated in

Rule 56.1 statement supported only by arguments in briefs rather than admissible evidence). The Court must also disregard conclusory denials that lack citations to admissible evidence. *Rodriguez v. Schneider*, No. 95-CV-4083, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999) ("*Rule 56.1 statements are not argument.* They should contain factual assertions, with citation to the record. They should not contain conclusions[.]"), *aff'd*, 56 F. App'x 27, 29 (2d Cir. 2003). Also, where the opposing party fails to specifically controvert a numbered paragraph in the Rule 56.1 statement, the statement by the moving party "will be deemed to be admitted." Loc. Civ. R. 56.1(c). The Court also does not give any consideration to hearsay, speculation, or inadmissible evidence in evaluating declarations or affidavits. *Pacenza v. IBM Corp.*, 363 F. App'x 128, 130 (2d Cir. 2010) ("[A] court is obliged not to consider inadmissible evidence at the summary judgment stage[.]"); *Crawford v. Dep't of Investigation*, No. 05-CV-5368, 2007 WL 2850512, at *2 (S.D.N.Y. Oct. 1, 2007) ("[A] non-moving party 'must set forth specific facts showing that there is a genuine issue for trial;' he or she 'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.'" (quoting *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005))), *aff'd*, 324 F. App'x 139, 143 (2d Cir. 2009).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs initiated this case in state court on April 17, 2023, seeking additional reimbursement for an out-of-network surgery performed on patient EM. (Def.'s Rule 56.1 Statement ("Def.'s 56.1 Stmt."), Dkt. No. 30-2 ¶ 1; Pls.' Rule 56.1 Resp. Statement

("Pls.' 56.1 Resp."), Dkt. No. 30-8 ¶ 1). EM was enrolled in a health benefits plan administered by Aetna, and Plaintiffs' representative called an Aetna employee on November 10, 2020 to check the benefits for a particular procedure prior to surgery—the transcript of which was provided to the Court.[2] (Phone Call Tr., attached to Petitt Decl. as Ex. A, Dkt. No. 30-4 at 3:9-13; Def.'s 56.1 Stmt. ¶¶ 2–3). On the call, Plaintiffs asked to know "the reimbursement rate for out-of-network," and an Aetna employee responded that the reimbursement rate "will be based on reasonable and customary, 80th percentile." (Phone Call Tr. at 4:20–5:1). Plaintiffs contend this statement constituted an offer, which they relied on and accepted by performing the surgery. (Pls.' 56.1 Resp. ¶ 4; Pls.' Statement of Additional Facts ("Pls.' Additional 56.1 Stmt."), Dkt. No. 30-9 ¶ 10). They billed Aetna $ 300,000 but were only reimbursed $ 8,319.54. (Pls.' Additional 56.1 Stmt. ¶¶ 12–13). They contend that Aetna used a different methodology to calculate their reimbursement, in violation of the oral representation provided on the phone call. (*Id.* ¶¶ 15–16). Aetna denies that any representations made on the call were offers or could give rise to any contract—it characterizes the call as having "relayed the Plan's in-network and out-of-network benefits," not promising to

---

[2] Plaintiffs dispute these facts on the basis that Aetna has only introduced a summary plan description, not the governing plan instrument, as a means of disputing the existence of an ERISA plan; they separately argue Aetna mischaracterizes the call as one "to verify benefits." (Pls.' 56.1 Resp. ¶¶ 2–3). These are legal arguments and not a proper evidentiary basis to dispute these facts. And they have no merit. The challenges to the existence of an ERISA plan are discussed *infra*. As for the claim of mischaracterization, it is belied by the record: the Aetna representative asked for "the benefits that [Plaintiffs' representative] would like to check," to which Plaintiffs' representative responded, "[i]t's going to be 19318." (Phone Call Tr. at 3:11-13; *see also* Pls.' 56.1 Resp. ¶¶ 15–16 (admitting to the same)).

reimburse. (Def.'s 56.1 Stmt. ¶¶ 23–24; Def.'s Resp. to Pls.' Additional 56.1 Stmt., Dkt. No. 31 ¶ 16).

The Complaint brings four claims: (1) breach of contract, (Compl., attached to Notice of Removal as Ex. 1, Dkt. No. 1-1 ¶¶ 60–70); (2) unjust enrichment, (*id.* ¶¶ 71–83); (3) promissory estoppel, (*id.* ¶¶ 84–88); and (4) New York's Prompt Pay Law, (*id.* ¶¶ 89–93). The case was stayed in early 2024 while the Second Circuit considered two cases with similar allegations—which it resolved by affirming the dismissal of both. *See Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, No. 23-1134, 2024 WL 2813721, at *3 (2d Cir. June 3, 2024) [hereinafter *Park Ave.*]; *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-8083, 2024 WL 4315128, at *5 (2d Cir. Sep. 27, 2024) [hereinafter *Rowe II*]. When the stay was lifted, Plaintiffs sought leave to file an amended complaint, and this Court denied the motion on futility grounds. *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 23-CV-3636, 2025 WL 1907005, at *2 (E.D.N.Y. July 10, 2025) [hereinafter *Rowe I*].

Aetna moved for summary judgment and filed the fully briefed motion on October 3, 2025. (Def.'s Mem. in Supp. of Summ. J. dated Aug. 22, 2025 ("Def.'s Mot."), Dkt. No. 30-1; Pls.' Mem. in Opp'n ("Pls.' Opp'n"), Dkt. No. 30-7; Def.'s Mem. in Reply dated Oct. 3, 2025 ("Def.'s Reply"), Dkt. No. 30-21).

## DISCUSSION

As a preliminary matter, Plaintiffs make several arguments challenging the admissibility of the evidence Aetna presents with its motion. (Pls.' Opp'n at 8–10). They are entirely without merit. "[M]aterial relied on at summary judgment need not

be admissible in the form presented to the district court. Rather, so long as the evidence in question will be presented in admissible form at trial, it may be considered on summary judgment." *Jacobs v. N.Y.C. Dep't of Educ.*, 768 F. App'x 86, 87 n.1 (2d Cir. 2019) (quotation omitted). The underlying arguments, in addition, are without merit.

Plaintiffs first challenge a declaration provided by a senior paralegal for Aetna's parent company, calling the content inadmissible for lack of authentication or foundation as to the business records attached thereto. (Pls.' Opp'n at 8–9). The declaration attests that EM "was enrolled in a health benefits plan sponsored and funded by the Toll Brothers," and that Aetna was the claims administrator for that plan. (Decl. of Elizabeth Petrozelli ("Petrozelli Decl."), attached to Def.'s Mot., Dkt. No. 30-5 ¶ 2). The declaration attaches the summary document of EM's benefit plan, which makes clear that it is an "[e]mployer's self-funded health benefit plan" governed by ERISA.[3] (Summary Plan Description, attached to Petrozelli Decl. as Ex. 1, Dkt. No. 30-6 at 4, 91–93[4]).

"To lay a proper foundation for a business record, a custodian or other qualified witness must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the record." *United States v. Komasa*, 767 F.3d 151, 156 (2d Cir. 2014) (quotation

[3] This evidence is sufficient to show an ERISA-governed plan. *See, e.g.*, *Rowe Plastic Surgery of N.J., L.L.C. v. Anthem Blue Cross Blue Shield of Colo.*, No. 23-CV-4536, 2026 WL 540767, at *3 n.2 (E.D.N.Y. Feb. 26, 2026) (finding that identical language "makes clear" that the plan "is governed by ERISA").

[4] The cited numbers refer to the ECF pagination.

omitted). "The custodian need not have personal knowledge of the actual creation of the document to lay a proper foundation." *Id.* (quotation omitted). Petrozelli's declaration avers to all the necessary elements to establish foundation. (*See* Petrozelli Decl. ¶ 1 (affirming the declaration is made "based on [Petrozelli's] personal knowledge gained through [her] review of business documents and records maintained by Aetna," and that the records were "made and maintained by Aetna in the normal course of its business")). And therefore Plaintiffs' arguments are without merit.

Plaintiffs also argue that the transcript of the call is hearsay, so the Court cannot consider it.[5] (Pls.' Opp'n at 9). "[H]earsay is an out-of-court statement that a party offers in evidence to prove the truth of the matter asserted in the statement." *United States v. Dennis*, No. 21-2952, 2025 WL 1751946, at *3 (2d Cir. June 25, 2025) (quotation and emphasis omitted). But Aetna's statements from the transcript are not hearsay; they are introduced only to show the effect on Plaintiffs' representatives, whose statements themselves are non-hearsay party-admissions.[6] "An out-of-court statement offered for some other purpose, such as to show that a statement was made, to demonstrate the statement's effect on the listener, or to show the circumstances under which subsequent events occurred, is not hearsay." *United States v. Certified Env't Servs.*,

[5] Plaintiffs also argue that the transcript is not authenticated. (Pls.' Opp'n at 9). Aetna affirmed in a separate declaration that a correct copy of the recording of the call was provided to Plaintiffs' counsel and to a transcription company, which created a "true and correct" transcript. (Decl. of Adam Petitt, Dkt. No. 30-3 ¶¶ 5–7).

[6] *See Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 79 (2d Cir. 2016) ("Under the party-opponent exemption, a statement is not hearsay if it was 'made by the party's agent or employee within the scope of that relationship and while it existed.'" (quoting Fed. R. Evid. 801(d)(2)(D))).

*Inc.*, 753 F.3d 72, 89 (2d Cir. 2014) (citations omitted); *e.g.*, *Dennis*, 2025 WL 1751946, at *4 (affirming admission of statement to show what listener decided to do as a result of information learned on a call). And in any event, Plaintiffs cannot disclaim Aetna's statements as hearsay, when they themselves use them as the basis of their breach of contract and estoppel claims.

Having confirmed that the summary plan description and call transcript are properly considered, the Court reaffirms that ERISA preempts Plaintiffs' claims in the Complaint. The Court's reasoning in denying leave to amend is summarized below. The existing claims in the original complaint "are barred for the same reason" that required denial of the motion to add the claims in the proposed amendment. *Rowe I*, 2025 WL 1907005, at *2.

In the proposed amended complaint, Plaintiffs added new factual allegations to attempt to bolster their state law contract claims and sought to add claims for fraudulent inducement and conversion. *Id.*

*First*, the Court found that both the bolstered and new state law claims—for breach of contract, unjust enrichment, promissory estoppel, fraudulent inducement, and conversion—were expressly preempted by the Employee Retirement Income Security Act ("ERISA"). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at *3 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). In *Park Avenue*, the Second Circuit affirmed the district court's finding that similar state law claims—for breach of

contract, unjust enrichment, promissory estoppel, and violation of New York's Prompt Pay Law—were preempted by ERISA. *See* 2024 WL 2813721, at *1–*2. This Court reached the same conclusion in this case:

> The reason Plaintiffs called Aetna in the first instance was to ascertain payments that would be made under EM's ERISA plan. The monies that Plaintiffs did receive were by dint of EM's ERISA plan (because Plaintiffs were an out-of-network provider seeking payment for benefits covered by the plan). Otherwise, Plaintiffs would have no reason to contact (or sue) Aetna, whose role is to administer the ERISA plan. At its core, Plaintiffs' suit is one alleging that they expected—because of Aetna's allegedly false promise—EM's plan to pay more than they received. No matter how much this is dressed up in state law garb and additional facts, the claims grow out of what was (not) paid under an ERISA plan. . . . Given that all of Plaintiffs' state law claims—whatever legal heading they fall under—relate to EM's ERISA plan, they are preempted.

*Rowe I*, 2025 WL 1907005, at *4.

For the same reasons detailed at length in *Rowe I* and summarized above, all four state law claims in the Complaint are expressly preempted by ERISA. *Id.* (noting Plaintiffs' claims "would require payment of specific benefits under an ERISA plan; and the relationship between the parties would not exist but for the presence of an ERISA plan, making it a critical factor in establishing liability" (quotation omitted)).

Plaintiffs' only argument to the contrary is that Aetna has not "introduced a controlling plan instrument" to prove the existence of an ERISA-governed plan. (Pls.' Opp'n at 9). Their only support for this argument is the general requirement that an ERISA plan "be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). They point to no requirement that the controlling plan document be introduced to establish that a plan is governed by ERISA—this Court is not aware of one—and they otherwise present no argument that raises any dispute as to whether

EM's health benefits plan was an ERISA plan. This Court already determined the health benefits plan at issue is governed by ERISA, *see Rowe I*, 2025 WL 1907005, at *5 n.3 ("The only such plan at issue is an ERISA plan."), and the record here confirms that, (*see* Summary Plan Description at 4, 91–93).

The Court previously determined that even if it was not expressly preempted by ERISA, the proposed breach of contract claim, even with the added factual allegations, would fail as a matter of law. *Rowe I*, 2025 WL 1907005, at *8.

> The allegation made by Plaintiffs here—that the "80% reasonable and customary" conversation constituted an offer—was rejected in *Rowe II*. In evaluating a virtually indistinguishable transcript—"defendant's employee checked and then responded, 'for the reimbursement rate, it's going to be 80 percent reasonable and customary,'" *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 203 (S.D.N.Y. 2023) [], *aff'd*, *Rowe II*, 2024 WL 4315128, at *5—the Court of Appeals concluded that the allegations "f[e]ll short of the definiteness typically required to create an offer, such as details of the specific service and the price or an explicit undertaking of a duty." *Rowe II*, 2024 WL 4315128, at *3. And this deficiency "eliminate[d] any uncertainty as to what a reasonable factfinder would conclude about whether this conversation created an actionable offer by Aetna." *Id.*

*Id.* That same reasoning and result operates here with equal force.

The Court previously also found that the proposed unjust enrichment claim failed as a matter of law:

> "[T]o recover under a theory of unjust enrichment, the plaintiff must show that the services were performed '*for the defendant*,' and not at the 'behest of someone other than the defendant.'" *Rowe II*, 2024 WL 4315128, at *4 (quoting *Kagan v. K-Tel Ent., Inc.*, 568 N.Y.S.2d 756, 757 (N.Y. App. Div. 1991)) (emphasis in original). Here, the Plaintiffs provided benefits to the patient, not to Aetna. Aetna "neither [1] benefitted from the Providers' services nor [2] asked the Providers to perform the surgery." *Id.* at *3. "It was the patient, not Aetna, who received the benefit of the Providers' direct services." *Id.*

*Id.* at *9. Again, there is no reason, and Plaintiffs provide none, that given this reasoning, the unjust enrichment claim in the Complaint should not also be dismissed.

Finally, because a promissory estoppel claim requires a "clear and unambiguous promise," the Court finds that claim in the original Complaint must also be dismissed. The "conversation was not detailed enough to constitute an offer to pay, and therefore could not be a clear and unambiguous promise to pay." *Id.*

Plaintiffs contend that factual disputes remain that preclude summary judgment, particularly as to their reliance on the November 2020 call and prior dealings with Aetna. (Pls.' Opp'n at 12–13). Such disputes as to the parties' intent and history with respect to their contract claims, however, are immaterial, since the claims fail regardless: they are expressly preempted by ERISA, and they separately fail as a matter of law for factual and legal reasons independent of these purported factual disputes.

Separately, Plaintiffs have abandoned their Prompt Pay Law claim, having failed to defend it in their opposition. *Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equip. Ltd*, 716 F. App'x 5, 14 (2d Cir. 2017) ("Where a partial response to a motion [for summary judgment] is made—i.e., referencing some claims or defenses but not others . . . in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 197–98 (2d Cir. 2014)); *see also Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 143 (2d Cir. 2016) (deeming claims abandoned where plaintiff "fail[ed] to argue that they should survive [defendant's] motion for summary judgment" while addressing other claims).

Plaintiffs' additional arguments not discussed above, including challenges to discovery conduct, are entirely without merit.

* * *

Since this Court's denial of the motion to amend, multiple other district courts have ruled that these exact same claims must be dismissed for the exact same reasons. *See supra* n.1. Though the Court appreciates Aetna's frustration at having to brief the same issues, Plaintiffs were entitled to proceed to summary judgment, since the denial of the motion to amend did not dispose of the claims in the original Complaint. Notwithstanding the waste of time, money, and judicial resources the decision to continue this litigation has incurred, Aetna's request for sanctions is denied.

CONCLUSION

For the reasons explained above, Aetna's motion for summary judgment is granted, and Plaintiffs' claims are dismissed with prejudice. *See, e.g.*, *Rowe Plastic Surgery of N.J., L.L.C. v. Anthem Blue Cross Blue Shield of Colo.*, No. 23-CV-4536, 2026 WL 540767, at *4 (E.D.N.Y. Feb. 26, 2026) (dismissing with prejudice). The Clerk of Court is directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: August 13, 2026
Central Islip, New York